UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-22779-ALTMAN/Reid

**TEODORO RICO**,

    *Plaintiff*,

v.

**NATIONAL SPECIALTY INSURANCE COMPANY**,

    *Defendant*.

_____/

## ORDER

The Plaintiff has filed a Motion to Remand [ECF No. 8]—which, after careful review, we now **DENY**.[1]

### THE FACTS

On September 23, 2022, our Plaintiff, Teodoro Rico, sued the Defendant, National Specialty Insurance Company, in state court, alleging that National Specialty had breached the terms of an insurance policy. *See generally* Complaint [ECF No. 1-1]. Nearly ten months later, the Plaintiff sent National Specialty a $90,000 settlement demand, and the Defendant removed the case to federal court. *See generally* Notice of Removal.

In its Notice of Removal, the Defendant noted that "28 U.S.C. § 1332(a)(1) provides [that] the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of [$75,000], exclusive of interest and costs, and is between citizens of different States." *Id.* at 3 (citing 28 U.S.C. § 1332(a)(1)). True, the Plaintiff *twice* represented, at the

---

[1] That Motion is now ripe for resolution. *See* National Specialty Insurance Company's Objection to the Plaintiff's Motion to Remand (the "Response") [ECF No. 9]; *see also* Plaintiff's Reply to the Defendant's Objection to the Plaintiff's Motion to Remand (the "Reply") [ECF No. 11].

beginning of the case, that the amount in controversy was *less* than $75,000. *See id.* at 2 ("[A]ttached to the Amended Complaint is [the] Plaintiff's Notice of Intent to Initiate Litigation, in which Plaintiff request[s] damages totaling $74,703."); *see also ibid.* ("In response to Request for Admissions 3 and 4, [the] Plaintiff stated he was not seeking in excess of $75,000 either exclusive of fees and costs, or inclusive of statutory fees and cost[s.]" (citing Plaintiff's Amended Response to the Request for Admissions, Ex. C to the Notice of Removal, at 208)). But everything changed (the Defendant says) on July 17, 2023, when the "Plaintiff for the first time tendered his demand . . . for $90,000." *Ibid.* (citing Plaintiff's Demand, Ex. D to the Notice of Removal, at 211–12). And it's this $90,000 demand that *first* "put [the Defendant] on notice that the amount in controversy exceeded $75,000." *Id.* at 3. The Defendant removed this case nine days after it received that demand. *See generally* Notice of Removal.

## THE LAW

A federal court should remand to state court any case that has been improperly removed. *See* 8 U.S.C. § 1447(c). The party attempting to invoke the federal court's jurisdiction bears the burden of establishing that jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). "Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Healy v. Ratta*, 292 U.S. 263, 270 (1934).

The Constitution provides that the "judicial power shall extend to . . . controversies . . . between citizens of different states." U.S. CONST. art. III, § 2. "This language, however, does not

automatically confer diversity jurisdiction upon the federal courts. Rather, it authorizes Congress to do so and, in doing so, to determine the scope of the federal courts' jurisdiction within constitutional limits." *Hertz Corp. v. Friend*, 559 U.S. 77, 84 (2010).

Congress has authorized the federal district courts to exercise original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). This type of jurisdiction (what we call diversity jurisdiction) requires *complete* diversity: Every plaintiff must be diverse from every defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)). For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." § 1332(c)(1). The party invoking federal jurisdiction must establish that the amount in controversy exceeds $75,000. *See* § 1332(a).

Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." If the case "stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

In evaluating whether the "particular factual circumstances of a case give rise to removal jurisdiction, we strictly construe the right to remove and apply a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved

in favor of remand." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (cleaned up); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").

## ANALYSIS

The parties seem to agree that they're diverse for purposes of 28 U.S.C. § 1332. *See* Notice of Removal at 2 ("[The] Defendant is a Texas corporation with its principal place of business in Texas. [The] Plaintiff is a citizen of the State of Florida." (first citing Secretary of State Record, Ex. B to the Notice of Removal, at 202; and then citing the Plaintiff's Amended Responses to Request for Admission, Ex. C to the Notice of Removal, at 208); *see also generally* Motion to Remand (never disputing the parties' diversity). They disagree, however, on the *timeliness* of the removal. *See* Motion to Remand at 2 ("[The] Defendant's Notice of Removal was untimely and therefore should be remanded to state court."); *see also* Response at 3 ("Based on the totality of the evidence in the record, [the Defendant] has demonstrated by a preponderance of the evidence that it timely filed its Notice of Removal.").

In the Defendant's view, this case only became removable on July 17, 2023, when the Plaintiff "tendered his demand . . . for $90,000." Notice of Removal at 2; *see also id.* at 3 ("[The] Plaintiff's Demand was the first time since [the] Defendant was served with the Amended Complaint that [the] Defendant was put on notice that the amount in controversy exceeded $75,000."). In support of its position that a case can *become* removable during the life of the litigation, the Defendant correctly relies on § 1446(b)(3),[2] which provides (in relevant part) as follows:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of

---

[2] *See* Response at 2 ("It was not until six months later, on July 17, 2023, that [the] Plaintiff for the first time advised [the] Defendant he was seeking more than $75,000, an amount sufficient to allow [the] Defendant to remove this matter based on 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1446(b)(3).").

4

> a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). As we've said, the Defendant removed this case *just nine days* after receiving the Plaintiff's $90,000 demand—well within § 1446(b)(3)'s thirty-day window. *Compare* July 17, 2023, Settlement Demand [ECF No. 9-3] at 1, *with* Notice of Removal (filed July 26, 2023).

In the Plaintiff's view, though, the Defendant was on notice that the amount in controversy exceeded $75,000 as of January 5, 2023, when the Defendant received the Plaintiff's "Responses to [the] Defendant's Request for Production." Reply at 1. But, as the Plaintiff acknowledges, that response "included [the] Plaintiff's estimate totaling [only] $74,703.33." *Ibid.* Still resisting, the Plaintiff says that the "Defendant *knew* that attorney's fees and costs *may exceed* $75,000.00 *through completion of this case*." Motion to Remand at 2–3 (emphases added); *see also* Reply at 2 ("[The] Defendant was aware that it was probable that the amount in controversy could exceed $75,000[.]"). That's not how this works.

"When attorneys' fees are recoverable—either by contract or by statute—*only fees incurred at the time of removal should be included in the amount-in-controversy computation.* This principle follows naturally from the well-trodden rule that, in a removed case, jurisdiction must be determined 'at the time of removal, not later.'" *Torreyes v. Godiva Chocolatier, Inc.*, 424 F. Supp. 3d 1276, 1282 (S.D. Fla. 2019) (Altman, J.) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (emphasis added)). The Plaintiff's claim that the "attorney's fees and costs *may exceed*" the $75,000 threshold "through the completion of this case" tells us *nothing* about what the accrued fees *were* at the time of removal. Indeed, by conceding that "it was *probable* that the amount in controversy *could* exceed $75,000," Reply at 2 (emphases added), the Plaintiff has admitted that the amount in controversy at the time of removal *didn't* exceed $75,000. The Defendant thus *couldn't* have been on notice that the amount in controversy

5

exceeded $75,000 until it received the Plaintiff's $90,000 demand.[3] Once it received that demand, as we've said, the Defendant timely removed. We therefore **DENY** the Motion to Remand.

*\*\*\**

We do, however, have a question about the extent to which the $90,000 demand—which seems like "puffery" more than anything else—gets the Defendant over the $75,000 threshold. *Cf. Stern v. First Liberty Ins. Corp.*, 424 F. Supp. 3d 1264, 1273 (S.D. Fla. 2020) (Bloom, J.) ("Evidence of a settlement demand in excess of $75,000 *may* constitute evidence that the jurisdictional requirement has been met. This is especially so where the demand contains specific and corroborating evidence reflecting an honest assessment of damages *rather than* mere puffing and posturing." (emphasis added & cleaned up)); *see also Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) ("Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide 'specific information . . . to support [the plaintiff's] claim for damages' suggest the plaintiff is 'offering a reasonable assessment of the value of [his] claim' and are entitled to more weight." (quoting *Golden Apple Mgmt. Co. v. GEAC Computers, Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998))).

The Plaintiff somehow never addresses this issue, *see generally* Motion to Remand; Reply—which is reason enough for us to disregard it here, *see United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc) ("[F]ailure to raise an issue in an initial brief . . . should be treated as a forfeiture of the issue, and therefore the issue may be raised by the court *sua sponte* [only] in extraordinary circumstances."); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he

---

[3] Nor (in any event) has the Plaintiff adduced any *evidence* for his view that the "Defendant *knew* that attorney's fees and costs may exceed $75,000.00 through completion of this case." Motion to Remand at 2–3 (emphasis added).

failure to make arguments and cite authorities in support of an issue [forfeits] it."); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented . . . are deemed [forfeited].").

Still, because the problem implicates our subject-matter jurisdiction, we'll issue a separate order, directing the parties to tell us whether they agree (or disagree) that the $90,000 demand was a real demand—and not mere puffery. *Cf. Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("In this case, neither party has challenged federal court jurisdiction. However, because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."); *see also Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises.").

For now, though, we **ORDER and ADJUDGE** that the Plaintiff's Motion to Remand [ECF No. 8] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on October 20, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record